**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PJC LOGISTICS, LLC

    Plaintiff,

v.

AAA COOPER TRANSPORTATION, INC.; ALLIED AUTOMOTIVE GROUP, INC.; ALLIED HOLDINGS, INC.; ARMELLINI EXPRESS LINES, INC.; ARNOLD TRANSPORTATION SERVICES, INC.; BOYD: BROS. TRANSPORTATION, INC.; BYNUM : TRANSPORT; CANNON EXPRESS, INC.; THE COCA-COLA COMPANY; COMCAR INDUSTRIES, INC.; CYPRESS TRUCK LINES, INC.; EAGLE MOTOR LINES, LLC; -FLORIDA ROCK AND TANK LINES, INC.; -INDIAN RIVER TRANSPORT CO.; JACKSON TRUCKING COMPANY, INC.; KENNESAW TRANSPORTATION, INC.; LANDSTAR SYSTEM, INC.; MCI EXPRESS, : INC.; MCKENZIE TANK LINES, INC.; QUALITY DISTRIBUTION, INC.; RYDER SYSTEM, INC.; SAIA MOTOR FREIGHT LINE, LLC; SOUTHERN CAL TRANSPORT, : INC.; THE SUDDATH COMPANIES; TRUCKS, INC.; and UNITED PARCEL SERVICE, INC. (UPS),

    Defendants.

                                            /

Civil Case No. 3:11-00301-RBD-TEM

**UNOPPOSED MOTION FOR ENLARGEMENT OF TIME FOR DEFENDANTS, ALLIED AUTOMOTIVE GROUP, INC., ALLIED HOLDINGS, INC., ARMELLINI EXPRESS LINES, INC., ARNOLD TRANSPORTATION SERVICES, INC., BOYD BROS. TRANSPORTATION, INC., BYNUM TRANSPORT, THE COCA-COLA COMPANY, COMCAR INDUSTRIES, INC., EAGLE MOTOR LINES, LLC, FLORIDA ROCK AND TANK LINES, INC., INDIAN RIVER TRANSPORT CO., KENNESAW TRANSPORTATION, INC., LANDSTAR SYSTEM, INC., MCKENZIE TANK LINES, INC., RYDER SYSTEM, INC., SOUTHERN CAL TRANSPORT, INC., AND THE SUDDATH COMPANIES TO RESPOND TO THE COMPLAINT**

Defendants, Allied Automotive Group, Inc., Allied Holdings, Inc., Armellini Express Lines, Inc., Arnold Transportation Services, Inc., Boyd Bros. Transportation, Inc., Bynum Transport, The Coca-Cola Company, Comcar Industries, Inc., Eagle Motor Lines, LLC, Florida Rock and Tank Lines, Inc., Indian River Transport Co., Kennesaw Transportation, Inc., Landstar System, Inc., McKenzie Tank Lines, Inc., Ryder System, Inc., Southern Cal Transport, Inc., and The Suddath Companies; (collectively the "Moving Parties"), pursuant to Rule 6(b) of Federal Rules of Civil Procedure, respectfully move the Court for an order to extend the time to serve a response to the Complaint. The grounds upon which this Motion is based are as follows:

1. Plaintiff commenced this action against the Moving Parties and other defendants by filing a Complaint on March 28, 2011 with this Court, alleging Infringement of U.S. Patent No. 5,223,844.

2. The Moving Parties were served with the Complaint on July 8, 2011. (*See* Dkt. 16).

3. The current deadline for the Moving Parties to serve a response to the Complaint is July 29, 2011.

4. On April 13, 2011, Qualcomm Incorporated filed a motion, pursuant to 28 U.S.C. § 1407, with the Judicial Panel on Multidistrict Litigation, seeking centralization of this action

and all related actions in the District of Minnesota (the "Transfer Motion"). The Transfer Motion has been docketed as *In re Vehicle Tracking and Security System ('844) Patent Litigation*, MDL No. 2249 and is scheduled to be heard on July 28, 2011.

5. Accordingly, in the interests of judicial economy, the Moving Parties respectfully request that the Court extend the deadline for the Moving Parties to serve a response until the earlier of (a) 45 days after the Judicial Panel on Multidistrict Litigation issues a decision on the Transfer Motion or (b) September 12, 2011.

6. Plaintiff does not oppose this motion and agrees to the requested extension of time.

7. This enlargement is not being requested for delay, and granting it will not cause undue prejudice.

**WHEREFORE,** the Moving Parties respectfully request that the Court, pursuant to Federal Rules of Civil Procedure 6(b), enter an order for an enlargement of time to serve a response until the earlier of (a) 45 days after the Judicial Panel on Multidistrict Litigation issues a decision on the Transfer Motion or (b) September 12, 2011.

**MEMORANDUM OF LAW**

Federal Rules of Civil Procedure Rule 6(b) provides that a Court, for cause shown, may, at any time, in its discretion and upon motion of a party, enlarge a period of time in which an act is to be conducted under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 6(b). Based on the foregoing, the Moving Parties respectfully submit that cause has been demonstrated for granting the requested enlargement of time.

**LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Rule 3.01(g), Local Rules for the Middle District of Florida, the Moving Parties' counsel has consulted with Plaintiff's counsel regarding this motion and is authorized to represent that Plaintiff's counsel consents to the requested enlargement.

Dated: July 20, 2011

Respectfully submitted,

*s/ David B. Weinstein*
David B. Weinstein
Florida Bar No. 604410
weinsteind@gtlaw.com
**GREENBERG TRAURIG, P.A.**
625 East Twiggs Street, Suite 100
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318-5900

*Trial Counsel for Allied Automotive Group, Inc.; Allied Holdings, Inc.; Armellini Express Lines, Inc.; Arnold Transportation Services, Inc.; Boyd Bros. Transportation, Inc.; Bynum Transport; The Coca-Cola Company; Comcar Industries, Inc.; Eagle Motor lines, LLC; Florida Rock and Tank Lines, Inc.; Indian River Transport Co.; Kennesaw Transportation, Inc.; Landstar System, Inc.; McKenzie Tank Lines, Inc.; Ryder System, Inc.; Southern Cal Transport, Inc.; and The Suddath Companies*

OF COUNSEL:

James E. Canning
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

5

## **CERTIFICATE OF SERVICE**

      I certify that on July 20, 2011, the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                                              *s/ David B. Weinstein*
                                              Attorney